Díaz et al., Demandantes y Apelantes, *v.* Plazuela Sugar Company, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre negatoria de servidumbre.

No. 2554.—Resuelto en julio 18, 1922.

Comunidad de Bienes — Derechos de los Co-propietarios — Servidumbre Impuesta por un Condueño.—Un condueño puede tender una vía de ferrocarril sobre la finca de que es co-propietario siempre que ello no perjudique el interés de la comunidad ni impida a los demás co-partícipes utilizar la propiedad según su derecho, y los otros condueños no pueden impedírselo mientras no demuestren tal perjuicio; con mayor razón en el presente caso en que la servidumbre estaba consentida por el arrendatario, que tenía un arrendamiento por años.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. L. Llorens Torres.*

Abogado de la apelada: *Sr. J. Martínez Dávila.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Cuatro hermanos, Luis, José, Adriano y Oscar Díaz Llenza, entablaron esta acción contra Plazuela Sugar Company para poner fin a una alegada servidumbre consistente

en vías férreas tendidas sobre la finca que se dice pertenecer a los demandantes y por las cuales corren trenes. La finca Higuerito es el terreno en cuestión. La corte dictó sentencia a favor de la demandada y los demandantes establecen apelación.

En el juicio apareció que la Plazuela Sugar Company es la dueña absoluta de participaciones que pertenecían a otros hermanos de la Sucesión Díaz Llenza, y sostuvo la apelada, y la corte así lo resolvió, que cualquier condueño tiene igual derecho a usar la finca. Dicen los apelantes que el derecho de Plazuela Sugar Company está en potencia puesto que la finca nunca ha sido dividida entre la Sucesión Díaz Llenza. Pero el derecho de los demandantes para establecer esta acción se funda asimismo en cuatro participaciones indivisas. En la demanda estiman ellos que cada uno de los cuatro tiene derecho a unas diez cuerdas y la prueba demuestra que la Plazuela Sugar Company tendría derecho a otra parte considerable de la propiedad. Es un caso en que uno que hace alegaciones contrarias no debe ser oído (*allegans contraria non est audien dus*). Si la Plazuela Sugar Company no tiene ningún derecho en la finca Higuerito por no habérsele adjudicado ninguna porción específica, tampoco lo tienen los demandantes.

Se presenta entonces por sí la cuestión siguiente: ¿Puede un condueño tender vías sobre una finca sin el consentimiento de sus condueños? El artículo 401 del Código Civil prescribe lo siguiente:

"Art. 401.—Cada partícipe podrá servirse de las cosas comunes, siempre que disponga de ellas conforme a su destino y de manera que no perjudique el interés de la comunidad, ni impida a los copartícipes utilizarlas según su derecho."

Un copartícipe puede construir una casa en una finca poseída en comunidad, o *prima facie* hacer cualquier cosa que todos pudieron hacer con tal que tengan todos acceso a la casa. Surgirán casos en los cuales los otros copartícipes

pueden impedir el uso indebido de la finca por un sólo co-
partícipe. Entonces, sin embargo, es necesario alegar y pro-
bar como se indica en el artículo 401, *supra,* que el uso de
la finca por tal copartícipe en cierto modo perjudica al in-
terés de la comunidad o impide a los demás copartícipes uti-
lizarla según su derecho. No se acreditó tal cosa. La teoría
de la demanda era que la Plazuela Sugar Company actuaba
sin autorización de nadie. Fué por esta razón que supone-
mos que la corte declaró probado que no se había demos-
trado perjuicio alguno. Los apelantes sostuvieron que era
innecesario demostrar tal perjuicio.

No solamente era la Plazuela Sugar Company en realidad
dueña de varias participaciones en la finca de Díaz Llenza
sino que la sociedad de Díaz & Balseiro es la arrendataria
en la finca Higuerito de todas las participaciones pertene-
cientes a los demandantes. La corte inferior declaró pro-
bado que las vías férreas habían sido establecidas para bene-
ficio de dichos arrendatarios. Insisten los apelantes en que
las vías son únicamente para beneficio de la Plazuela Sugar
Company y sus colonos y que fueron colocadas en la finca
antes de hacerse el arrendamiento a Giorgetti & Balseiro.
Aunque hubo prueba para sostener la conclusión de la corte
no nos detendremos para analizar la prueba en este respecto
porque estamos enteramente de acuerdo con la corte infe-
rior en que un arrendatario por años puede permitir la colo-
cación de vías en una finca, o dejar que continúen allí si fue-
ron colocadas en la finca antes del comienzo del arrenda-
miento. Véase el caso de *Loíza Sugar Company* v. *Calde-
rón et. al.,* 30 D. P. R. 307. Balseiro y Giorgetti no son
partes en el pleito y apareciendo claramente que están en
posesión de la finca en concepto de arrendatarios, en ausen-
cia de una demostración de perjuicio a la comunidad el de-
recho de acción para el levantamiento de estas vías perte-
necería a los arrendatarios. En manera alguna se ha de-
mostrado que la finca se perjudica y es una presunción razo-

nable en vista de los autos que Balseiro & Giorgetti no están oponiéndose a que continúen allí dichas vías férreas.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Presidente Sr. del Toro firmó: ''Conforme con la sentencia.''

OPINIÓN CONCURRENTE DEL JUEZ PRESIDENTE SEÑOR DEL TORO.

Estoy conforme con la sentencia, en resumen, porque, según declaró probado el juez sentenciador, aparece de los autos que la vía de que se trata se tendió a requerimiento de los arrendatarios y con el beneplácito de parte de los dueños de la finca para la conducción de las cañas dulces a cuyo cultivo se destina la finca sin que se haya demostrado perjuicio alguno. Creo innecesario consignar en la opinión sí o no un condueño puede fabricar una casa en una finca sin el consentimiento de los demás y el derecho que los demás tendrían sobre la casa en cuestión.